THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORRAINE KOIKE,

       Plaintiff,

v.                                                                       No. Civ. 14-933 JCH/KBM

ASSET RECOVERY SOLUTIONS, LLC,
And REGENT & ASSOCIATES,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Plaintiff's Motion for Damages Hearing (ECF No. 19). Plaintiff requests a hearing so that the Court may take testimony and set damages for a default judgment. On June 17, 2015, the Court entered an Order to Show Cause requiring Plaintiff to file a written brief with the Court showing why service of process was proper. Order 4, ECF No. 20. Plaintiff submitted her brief on July 1, 2015. After review of Plaintiff's brief, the Court is not convinced that service of process was properly made in accordance with Federal Rule of Civil Procedure 4. The Court therefore will vacate the Clerk's Entry of Default, deny Plaintiff's request for a motion hearing on damages, and give Plaintiff leave to obtain a summons to be served upon the New Mexico registered agent for Defendant Asset Recovery Solutions, LLC.

**I.    PROCEDURAL HISTORY**

       On June 3, 2014, Plaintiff Lorraine Koike filed in the State of New Mexico, Count of Bernalillo, Second Judicial District Court a Complaint for Violation of the Fair Debt Collection Practices Act against Defendants Asset Recovery Solutions, LLC, and Regent & Associates. *See*

Compl., ECF No. 5. On October 17, 2014, Defendant Regent & Associates filed a Notice of Removal based on federal jurisdiction. Notice of Removal, ECF No. 1.

On December 16, 2014, Plaintiff filed an Alias Summons and Affidavit of Service (ECF No. 14). The Affidavit of Service from the Sheriff's Office of Cook County, Illinois, indicates that the deputy sheriff left a copy of the summons and complaint with an authorized person of the company at Asset Recovery Solutions, LLC's address at 2200 E Devon Ave., Des Plaines, IL, 60018. *See* Aff., ECF No. 14 at 2 of 2. The deputy served the summons upon "Juana Perez." *Id.* Defendant Asset Recovery, however, has not answered or otherwise appeared in this case.

On April 17, 2015, the Clerk of Court, in response to Plaintiff's request for entry of default, filed the Clerk's Entry of Default (ECF No. 18) against Defendant Asset Recovery Solutions, LLC ("Asset Recovery"). Subsequently, Plaintiff filed a Motion for Damages Hearing (ECF No. 19). In the motion, Plaintiff asserts that Defendant Regent submitted a Suggestion of Bankruptcy/Automatic Stay in the Bankruptcy Court of the Southern District of Texas, and consequently, Plaintiff has taken no further action against Defendant Regent & Associates in this case. Pl.'s Mot. 1, ECF No. 19. Plaintiff requests a hearing so that the Court may take testimony and set damages for a default judgment against Defendant Asset Recovery. *See id.* at 2.

This Court entered an Order to Show Cause on June 17, 2015, requiring Plaintiff to file a written brief with the Court showing why service of process was proper. Order 4, ECF No. 20. The Court explained that, under Rule 4 of the Federal Rules of Civil Procedure governing service of process on a corporation, partnership, or association, proper service upon such an entity must be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." *Id.* at 2 (quoting Fed. R. Civ. P. 4(h)(1)(B)). Before expending judicial resources on

a damages hearing, the Court wanted clarification of the record as to whether service of process on Ms. Juana Perez constituted proper service on "an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process," and thus, ordered Plaintiff to submit a written brief setting forth her analysis of the issue. *See id.* at 4.

Plaintiff timely submitted her written brief, in which she stated: "Plaintiff is unable to provide the Court with any information to indicate that Ms. Juana Perez is an officer, a managing or a general agent or [] any other agent authorized by appointment, by law or by this rule to receive service of process." Pl.'s Br. 1, ECF No. 21. Plaintiff's counsel, however, explained that he has since been in contact with Steven Fishbein, one of Defendant Asset Recovery's managers listed on the New Mexico Office of Secretary of State website, regarding settling this matter and counsel has mailed certain documents to Defendant Asset Recovery Solutions at its listed Foreign Registered Office Address at 2200 E. Devon Avenue in Illinois. *See* Pl.'s Br. 1 and Exs. A and B, ECF No. 21. Plaintiff asks that, if the Court sets aside the default, that Plaintiff be permitted "to obtain a *Pluries Summons* to be served upon the New Mexico registered agent for Defendant Asset Recovery Solutions, LLC." Pl.'s Br. 2, ECF No. 21.

II.     ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure governs service of process on a corporation, partnership, or association. Rule 4 provides, in pertinent part, that proper service upon such an entity must be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, the rule provides that

service on a corporation or partnership may be performed "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, provides that service may be made in conformity with state law for serving summons.

The applicable state law is Rule 1-004(G), NMRA 2012, which governs service upon a corporation or other business entity. Rule 1-004(G)(1) provides:

> Service may be made upon:
>
> (a) a domestic or foreign corporation, a limited liability company or an equivalent business entity by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. If the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant;
>
> (b) a partnership by serving a copy of the process to any general partner;
>
> (c) an unincorporated association which is subject to suit under a common name, by serving a copy of the process to an officer, a managing or general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. If the agent is one authorized by law to receive service and the statute so requires, by also mailing a copy to the unincorporated association.

N.M.R.A. 1-004(G)(1).

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." "[I]t is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997). A trial court has broad discretion in deciding a default judgment question. *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious

defense is presented.'" *Pinson v. Equifax Credit Information, Inc.*, 316 F. App'x 744, at *750 (10th Cir. Mar. 10, 2009) (quoting *Dierschke v. O'Cheskey (In re Dierschke),* 975 F.2d 181, 183 (5th Cir.1992) (quotation omitted)). A district court may set aside the entry of default *sua sponte*. *See Combined Insurance Co. of America v. Glass*, No. 14-cv-01458-KMT, 2015 WL 996172, at *3 (and cases cited therein).

Given that the record does not demonstrate that Plaintiff has served "an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process" as required by Rule 4, the Court finds good cause to vacate the Clerk's entry of default based on insufficient service of process. It appears that the default was not the result of culpable conduct of the defendant, an agent of the defendant is now working with Plaintiff's counsel to resolve the case, and setting aside the default would not prejudice Plaintiff. Conducting a damages hearing at this stage would result in an inefficient use of court resources. The Court will therefore deny Plaintiff's request to conduct a damages hearing and to enter a default judgment. The Court will grant Plaintiff's alternative request to give her leave to obtain a summons to be served upon the New Mexico registered agent for Defendant.

**IT IS THEREFORE ORDERED** that

1. Plaintiff's Motion for Damages Hearing (**ECF No. 19**) is **DENIED**.

2. The Clerk must **VACATE** the Clerk's Entry of Default (**ECF No. 18**).

3. Plaintiff is **GRANTED** leave to obtain a summons to be served upon the New Mexico registered agent for Defendant Asset Recovery Solutions, LLC.

_____
**UNITED STATES DISTRICT JUDGE**